IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK R. SUMAHIT,

    Plaintiff,                        No. CIV S-03-2605 FCD KJM P

    vs.

CLAY PARKER, et al.,

    Defendants.                   FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, who has been civilly committed as a sexually violent predator under California Welfare and Institutions Code § 6600 et seq., is proceeding pro se in this civil rights action under 42 U.S.C. § 1983. He alleges that the conditions of his periodic confinement in the Tehama County Jail violated his rights to due process and equal protection as well as state and federal rights to privacy. Defendants have filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I. Standards For A Motion To Dismiss

        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

II. Tehama County Board Of Supervisors

Plaintiff alleges that the Board of Supervisors is responsible for allocating the funds for treatment programs, food, clothes, bedding and medical treatment for the county jail and is aware of Sheriff Parker's punitive and improper policies regarding inmates who have been civilly, rather than penally, committed to that facility. Am. Compl. ¶¶ 10, 12. Defendant Board of Supervisors argues that it cannot be held responsible for the actions of the sheriff in running the jail. Mot. to Dismiss (MTD) at 2-3.

In Monell v. New York City Dept. Of Social Services, 436 U.S. 658, 694 (1978), the Supreme Court held a municipality was not liable under the civil rights act simply because the agency or municipality employed or supervised a person who violated a plaintiff's constitutional rights. The basis for any such claim must be a showing of a governmental policy or custom that was "the moving force" behind the constitutional violation. City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985). The Ninth Circuit has distilled these pleading requirements for a § 1983 action against a municipality: the plaintiff must show he was deprived of a constitutional right, the municipality has a policy, the policy amounts to deliberate indifference to plaintiff's constitutional rights and the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Defendants argue that plaintiff has not clearly identified a policy, practice or custom of the Board that contributed to the alleged deprivation of plaintiff's constitutional rights. MTD at 3. The court agrees. While it is possible to discern the germ of a claim based on the

funding responsibilities of the Board, plaintiff has not clearly alleged that the Board's funding or its lack thereof is a custom or policy within the contemplation of Monell-liability. See Mayes v. Elrod, 470 F.Supp. 1188, 1193-94 (C.D. Ill. 1979) (pattern of underfunding the jail may arise to a "custom" under Monell). This court's duty to read a pro se plaintiff's allegations broadly does not give it the authority to supply "'essential elements of [the] claim that were not initially pled.'" Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

The defendant Board also suggests that plaintiff will not be able adequately to plead a claim against it because it cannot be liable for defendant Parker's choices in running the jail. MTD at 3.

Under various provisions of the California Government and Penal Codes, a county's Board of Supervisors is responsible for providing the necessary funds to run the county's jail and has authority "to supervise the official conduct of all county officers" except for the "investigative . . . functions of the sheriff." Cal. Gov't Code §§ 25303 (supervision of officers), 29602 (expenses for those in jail are county charges); Cal. Pen. Code § 4015(a) (board shall provide necessary food, clothing and bedding for county jail inmates); see Board of Supervisors v. Superior Court (Armstrong), 33 Cal.App.4th 1724, 1738-39 (1995). However, the county sheriff has the "sole and exclusive authority to keep the county jail and the prisoners in it. . . ." Cal. Gov't Code § 26605.

The Board relies on Hicks v. Orange County Board of Supervisors, 69 Cal.App.3d 228 (1977) to argue that it cannot be liable for the sheriff's running of the jail. In Hicks, the issue was whether a county Board of Supervisors acted properly in transferring twenty-two investigative positions from the district attorney's staff to the jurisdiction of the sheriff. Id. at 232. The court found that the action had not been proper because it had not been

/////

/////

/////

taken as part of the county's control over the district attorney's budget. Id. at 240. During the course of its discussion, the court observed that

> [a]lthough the county board of supervisors has authority to supervise county officers in order to insure that they faithfully perform their duties, the board has no power to perform county officers' statutory duties for them or direct the manner in which duties are performed. . . .

Id. at 242 (internal citations omitted).

The Board reads this statement too broadly. In Brandt v. Madera County Board of Supervisors, 84 Cal.App.3d 598, 600 (1978), also relied on by the Board, the Court of Appeal for the Fifth Appellate District considered whether the board could be held responsible for conditions in the county jail, "absent a showing that they have failed to appropriate sufficient funds or otherwise refused to pay the cost thereof." The clear implication is that a board could be liable, despite the sheriff's ultimate control over the jail, if it had not adequately funded the sheriff's department. See also Board of Supervisors v. Superior Court (Armstrong), 33 Cal.App.4th at 1739; Von Colln v. County of Ventura, 189 F.R.D. 583, 601 n.12 (C.D. Cal. 1999).

Accordingly, plaintiff should be given leave to amend his complaint.

III. Ex Post Facto And Double Jeopardy Claims

Defendants also argue correctly that plaintiff's claim that his conditions of confinement violated the Ex Post Facto and Double Jeopardy clauses of the United States Constitution is not cognizable in a civil rights action. Indeed, in the order finding the amended complaint appropriate for service the court noted that "defendants are not required to answer plaintiff's claims that the challenged policies violate the ex post facto and double jeopardy clauses of the United States Constitution." 12/01/05 Order (docket no. 25).

IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss as to defendant Board of Supervisors be granted, but that plaintiff be given leave to file an amended complaint; and

   2. The motion to dismiss as to the double jeopardy and ex post facto claims be denied as unnecessary.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 30, 2007.

_____
U.S. MAGISTRATE JUDGE

2

suma2605.57