IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK R. SUMAHIT,

  Plaintiff,       No. CIV S-03-2605 FCD KJM P

 vs.

CLAY PARKER, et al.,     ORDER AND

  Defendants.      FINDINGS AND RECOMMENDATIONS

_____/

   Plaintiff, who has been civilly committed, is proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendant has filed a motion to dismiss.

I. Background

   Plaintiff filed his original complaint on December 19, 2003, against Clay Parker, the sheriff of Tehama County, the Tehama County Sheriff's Department and the Tehama County Board of Supervisors, alleging that conditions in the Tehama County Jail for those awaiting trial to determine whether they are sexually violent predators are punitive and violate various constitutional rights. The court dismissed that complaint but gave plaintiff leave to amend. Order of 8/5/04. He did so on April 1, 2005.

   On December 1, 2005, the court found plaintiff's first amended complaint appropriate for service on defendants Parker and the Tehama County Board of Supervisors, but

noted that the defendants were not required to answer plaintiff's claims that the challenged policies violate the ex post facto and double jeopardy clauses of the United States Constitution. 12/01/05 Order at 2, ¶ 2.

Defendants filed a motion to dismiss for failure to state a claim and on January 30, 2007, the court recommended that it be granted in part. Specifically, the court determined the complaint should be dismissed as to the defendant Board of Supervisors of Tehama County, but that plaintiff should be given leave to amend the complaint. 1/30/07 Findings and Recommendations at 4. The district court adopted this recommendation on March 29, 2007.

Plaintiff filed a second amended complaint on August 3, 2007. He did not amend his claims as to the Tehama County Board of Supervisors, but rather changed some of his claims against defendant Parker. In the second amended complaint plaintiff alleges he has been detained in the Tehama County jail for a period of time approximately every two years, beginning in 1996, to await proceedings on petitions to have him declared a sexually violent predator under California Welfare and Institutions Code §§ 6600, et seq., and that during those times, defendant Parker "has not adopted any policies and procedures that would be less restrictive and not providing materials of humane daily needs, medical needs, less restrictive legal access, no access to religion, no access to treatment programs, and forced strip searches, forced cell-searches, visiting rights for civil detainee, personal property, daily exercise, transportation, overcrowding, which put plaintiff in harms way . . . ." Second Amended Complaint (Sec. Am. Compl.) at 3. He alleges that the policies and practices violate his right to substantive due process, in violation of the First, Fourth and Fourteenth Amendments; that the overall conditions of confinement are punitive and violate his Fifth and Fourteenth Amendment rights; that the policies deny him the equal protection of the laws because he does not have the same rights as other civilly committed people; and that he has been denied his First and Fourteenth Amendment right of privacy. Sec. Am. Compl. at 9-11.

/////

1    Parker has now filed a motion to dismiss portions of the complaint for failure to
2 state a claim and for falling outside the statute of limitations.
3 II. <u>Standards For A Motion To Dismiss Under F. R. Civ. P. 12(b)(6)</u>
4    In considering a motion to dismiss, the court must accept as true the allegations of
5 the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740
6 (1976), construe the pleading in the light most favorable to the party opposing the motion and
7 resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).
8 Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
9 <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Nevertheless, a plaintiff must provide "more than
10 labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." <u>Bell
11 Atlantic Corporation v. Twombly</u>, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007).
12    A motion to dismiss for failure to state a claim should not be granted unless it
13 appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would
14 entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v.
15 Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see</u> also <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651
16 F.2d 1289, 1294 (9th Cir. 1981). To withstand a motion to dismiss, a plaintiff's factual
17 allegations "must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic</u>,
18 127 S.Ct. at 1965. Nevertheless, "specific facts are not necessary; the statement need only give
19 the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Erickson v.
20 Pardus</u>, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (internal quotation omitted).
21 III. <u>Statute Of Limitations</u>
22    Because section 1983 does not contain a statute of limitations, federal courts
23 apply the forum state's statute of limitations for personal injury actions and incorporate the forum
24 state's law of tolling, both statutory and equitable, unless it is inconsistent with federal law.
25 <u>Canatella v. Van De Kamp</u>, 486 F.3d 1128, 1132-33 (9th Cir. 2007), <u>cert</u>. <u>denied</u>, __ U.S. __,
26 128 S. Ct. 669 (2007). As of January 1, 2003, California's statute of limitations for personal

injury actions is two years; before that, it was a year.  Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.  However, because the amended statute is not retroactive, "any cause of action that was more than one-year old as of January 1, 2003 would be barred under the previous one-year statue of limitations."  Canatella, 486 F.3d at 1132-33.

California law includes a provision tolling the statute of limitations for a period not to exceed two years because of imprisonment.  Cal. Civ. Proc. Code § 352.1; see Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  By its terms, the statute does not apply to civil detainees.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  Nevertheless, by applying California's doctrine of equitable tolling, the Ninth Circuit has found that "a continuously confined civil detainee who has pursued his claim in good faith" may take advantage of this tolling provision.  Id. at 930; see also Fink, 192 F.3d at 916 (requirements for equitable tolling in California); Sec. Am. Compl. at 4 (relying on Jones for equitable tolling).

Plaintiff's original complaint was filed on December 19, 2003.  For those claims that arose before January 1, 2003–those stemming from his detentions from 2002 and earlier–the one year statute of limitations applies.  The record is not sufficiently developed to determine whether plaintiff was pursuing his earlier claims in good faith; interpreting the complaint favorably to plaintiff, the court will find the two year tolling provision of California Code of Civil Procedure § 352.1 to apply.  See Munoz v. Kolender, 208 F.Supp.2d 1125, 1140 (S.D. Cal. 2002). Accordingly, the court will find, without prejudice to a later challenge based on a more complete factual record, that claims from plaintiff's 2000 and 2002 detentions may proceed in this action.

Defendant also complains that plaintiff's amended complaints have included claims based on detentions in 2006.  Under Federal Rule of Civil Procedure 15(d), a party may seek leave of court to file a supplemental complaint containing claims that accrued after the initial complaint was filed.  Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998).  Although the court permitted plaintiff to file an amended complaint, the order was based

4

on its determination that plaintiff had not adequately pled his claims against the Tehama County Board of Supervisors. 1/30/07 Findings and Recommendations at 4. These recommendations and the district court's order adopting them did not prevent plaintiff from supplementing his complaint with these later allegations. Given plaintiff's pro se status, the court finds his interpretation of the court's decisions to be reasonable. However, any further attempts to include later claims after the date of this order must be preceded by a motion seeking leave to file a supplemental complaint.

IV. First Amendment

Defendant argues that plaintiff's factual claims are "so minimal" that the nature of his First Amendment claims cannot be determined. Motion To Dismiss (MTD) at 3. In his opposition, plaintiff appears to concede some error in his pleading of claims in the second amended complaint. Opposition (Opp'n) at 4:2-3. Nonetheless, in the Second Amended Complaint itself, plaintiff alleges that all his incoming and outgoing mail was opened and read, he could not purchase books from outside vendors unless he donated them to the jail and then borrowed them from the library cart and he had little opportunity to exercise his right to religious worship. Sec. Am. Compl. at 6:21-25, 7:28-8:2. All of these allegations rely on the First Amendment claims as well as suggest the conditions were so punitive as to constitute a violation of substantive due process. Hydrick v. Hunter, 500 F.3d 978, 991 (9th Cir. 2007), petition for cert. filed, 76 U.S.L.W. 3410 (U.S. Jan. 17, 2008) (No. 07-958) ("civilly committed persons retain those First Amendment rights not inherently inconsistent with the circumstances of their detention").

V. Fifth Amendment

Defendant argues that plaintiff's second cause of action, which alleges a violation of the Fifth Amendment, does not state a claim because plaintiff's earlier ex post facto and

double jeopardy claims "were dismissed by way of a prior 12(b)(6) motion."[1]  Defendant is correct that a civil detainee's rights arise from the guarantee of due process provided by the Fourteenth, not the Fifth, Amendment.  Jones, 393 F.3d at 931-32.

### VI. Duplicative Nature Of The First Three Causes Of Action

Plaintiff's first three causes of action are based on substantive due process, the Fourteenth Amendment and due process.  Sec. Am. Compl. at 9-10.  They are duplicative.

### VII. Equal Protection

Plaintiff contends that those detained while awaiting hearings under the sexually violent predator statutes are treated differently than other civil detainees, in violation of the equal protection clause of the Fourteenth Amendment.  Defendant argues that this challenge fails because the California Legislature distinguished the program established by the Sexually Violent Predators Act (SVPA) from other involuntary commitment programs for those with mental problems and that, as a result, those committed under the SVPA are not similarly situated to other civilly committed or detained people.  MTD at 4-6.

In Hydrick, 500 F.3d at 998-99, the Ninth Circuit considered the resolution of a motion to dismiss a suit filed by men committed under the SVPA and sent to Atascadero State Prison.  Among their claims was an equal protection challenge to their conditions as contrasted to those of others afforded to others civilly committed under different statutory provisions.  The court recognized that the plaintiffs' class might be entitled to pursue several claims under a heightened scrutiny standard, and in particular a claim of an interest in freedom from bodily restraint and personal security.  It observed that not every condition of the class's confinement would be subject to heightened scrutiny, but also recognized that even under the rational basis standard, the plaintiffs might be able to make out a claim based on harsher treatment with respect to job placement and privileges.

---

[1] These claims were screened out in the court's screening order of December 5, 2005.

In this case, plaintiff is not challenging his mental health treatment as compared to that offered to other civilly committed people; rather he challenges the conditions of his confinement as opposed to the conditions of their confinement. In light of the decision in Hydrick, this court cannot say plaintiff will be unable to establish his case.

VIII.   Individual Capacity Lawsuit

Defendant argues that plaintiff has not stated a claim against defendant in his individual capacity because plaintiff has alleged that defendant acted only as a policymaker for the County. MTD at 6-7.

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. . . .
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played apart in the violation of federal law.

Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (emphasis in original; internal quotations & citations omitted). While an official-capacity lawsuit requires a policy or custom, this does not mean that an individual-capacity lawsuit may not be based on policy or custom. In Hydrick, the class of those confined in Atascadero sued a number of administrators "on the grounds that the policies and procedures governing their confinement . . . violate their constitutional rights." 500 F.3d at 984. The court rejected the defendants' Eleventh Amendment claim and concluded that plaintiffs could raise a claim for damages so long as the defendants were being sued in their individual capacities. Id. at 987; see also Ritchie v. Wickstrom, 938 F.2d 689, 692 (6th Cir.

/////

1991) (individual capacity lawsuit appropriate against defendant in his role as "policy maker for the institution").

Accordingly, taking into account the above:

IT IS HEREBY ORDERED that the Clerk of the Court correct the docket to reflect that the Tehama County Board of Supervisors and the Tehama County Sheriff's Department are no longer defendants in this case.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss be granted as follows:

   A. Any claims arising from plaintiff's 1996 and 1998 detentions in Tehama County Jail be deemed barred;

   B. Plaintiff's first three causes of action–those labeled substantive due process, Fourteenth Amendment and due process–be deemed duplicative and treated as one cause of action; and

   C. Plaintiff's Fifth Amendment claim be dismissed.

2. Defendant's motion to dismiss be denied on all other grounds.

3. Defendant be directed to file an answer to the second amended complaint within thirty days from the date any order adopting these findings and recommendations is filed. Fed. R. Civ. P. 12(a)(4)(B).

/////
/////
/////
/////
/////
/////
/////
/////

1 | These findings and recommendations are submitted to the United States District
2 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 | days after being served with these findings and recommendations, any party may file written
4 | objections with the court and serve a copy on all parties.  Such a document should be captioned
5 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 | shall be served and filed within ten days after service of the objections.  The parties are advised
7 | that failure to file objections within the specified time may waive the right to appeal the District
8 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2008.

_____
U.S. MAGISTRATE JUDGE

2/suma2605.57(2)