IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK R. SUMAHIT,

      Plaintiff,                         No. CIV S-03-2605 FCD KJM P

    vs.

CLAY PARKER, et al.,

      Defendants.            ORDER

_____/

        Plaintiff, who has been civilly committed as a sexually violent predotor, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On September 3, 2009, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a _de novo_ review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 3, 2009, are adopted in full;

2. Defendant's motion for summary judgment (docket no. 68) is granted in part and denied in part as detailed below:

   A. Granted as to plaintiff's claims that he was denied access to the courts and hampered in his ability to contact counsel; that his ability to practice his religion was restricted; that he was denied access to medical and mental health care and was required to make co-pays for medical visits; that his non-legal mail was read; that he was subjected to strip searches; that his right to privacy was violated because officers could see him in the shower and on the toilet; that his right to privacy in his medical records and therapy sessions was violated; that his clothing and mattress were inadequate; that he was left in the booking area for long periods of time; that he received cold food; that his First Amendment rights were abridged by the book donation policy; that he suffered from unsanitary conditions and from being compelled to clean his own cell; that he was denied adequate access to the dayroom while housed in SHU and as to any claim arising from 2000; as well as to any claim against defendant Parker in his individual capacity; and

   B. Denied as to plaintiff's claims that his telephone calls were monitored; that he was restrained when taken to and from court; that he was denied adequate outdoor exercise while housed in both the SHU and cellside; and that he was denied adequate access to the dayroom while housed cellside.

DATED: December 1, 2009.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

2